|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 | **UNITED STATES DISTRICT COURT** |
| 5 | **DISTRICT OF NEVADA** |

SUET F. WONG,  )
            )
       Plaintiff,    )      Case No.  2:16-cv-01012-JCM-CWH
            )
vs.          )      **ORDER**
            )
COUNTRYWIDE HOME LOANS, INC., et al.,  )
            )
       Defendants.   )
_____)

      Presently before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") Motion to Strike Plaintiff's Surreply (ECF No. 18), filed on June 22, 2016.

      Countrywide filed a motion to dismiss. (Mot. to Dismiss (ECF No. 5).) Plaintiff Wong responded to the motion. (Resp. (ECF No. 10).) Countrywide filed a reply in support of its motion. (Reply (ECF No. 11).) Subsequently, Plaintiff Wong filed an additional response to the motion to dismiss, which is identical to his first response, except that on the signature block on the last page, he crossed out the name "Monica Lee" and handwrote his own name. (Resp. (ECF No. 14).) Countrywide now moves to strike Plaintiff Wong's second response, arguing that it is an improper surreply. Additionally, Countrywide suggests that Plaintiff Wong is colluding with Monica Lee, a plaintiff who sued Bank of America in another case pending in this Court, because the parties have submitted virtually identical filings in both cases. Thus, Countrywide argues that either Plaintiff Wong or Ms. Lee is engaging in the unauthorized practice of law.

      It is unclear to the Court whether Plaintiff Wong's second response was simply re-filed in error or was intended to be a surreply. Regardless, the Court will strike it from the docket given that it is duplicative of the first response. Plaintiff Wong is advised that under Local Rule 7-2(b), a party is not permitted to file a surreply without the Court's permission. Plaintiff Wong further is

advised that although the Court will liberally construe his filings given that he is not represented by an attorney, he nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

To the extent Countrywide requests that the Court sanction Plaintiff Wong for unauthorized practice of law, the Court declines to do so at this time. Plaintiff Wong is advised that although an individual may appear without an attorney on his own behalf, he may not represent other unrepresented individuals. *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, any future filings in this case on behalf of Mr. Wong must be made only by Mr. Wong, unless he retains an attorney. Finally, Plaintiff Wong is advised that failure to follow the Court's rules or orders may subject him to sanctions under Local Rule IA 11-8.

IT IS THEREFORE ORDERED that Defendant Countrywide Home Loans, Inc.'s Motion to Strike Plaintiff's Surreply (ECF No. 18) is GRANTED in part and DENIED in part. It is granted to the extent it seeks to strike ECF No. 14. It is denied in all other respects.

IT IS FURTHER ORDERED that the Clerk of Court must STRIKE ECF No. 14.

DATED: June 24, 2016

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**