UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUET F. WONG, | Case No. 2:16-CV-1012 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Suet Wong's motion to remand, (ECF No. 13) and defendant Countrywide Home Loans, Inc.'s ("Countrywide") motion to dismiss the complaint (ECF No. 5). On May 16, 2016, co-defendant MCM Capital Partners, LLC ("MCM") filed a joinder to Countrywide's motion to dismiss. (ECF No. 7). The parties filed a response and reply to the motion to dismiss, and Countrywide filed a response to the motion to remand. (ECF Nos. 10, 11, 15). This court first examines the motion to remand to determine whether the court has jurisdiction over the present case and then considers defendants' motion to dismiss the complaint.

**I.    Introduction**

On March 30, 2016, plaintiff filed a lawsuit in state court alleging seven causes of action: (1) fraud in the concealment; (2) unconscionable contracts; (3) breach of contract; (4) breach of fiduciary duty; (5) slander of title; (6) intentional infliction of emotional distress; and (7) declaratory relief. (ECF No. 1-1). These claims appear to be based in the securitization of a property loan. (*Id.*). Countrywide was served on April 4, 2016, and filed a timely notice of removal on May 4, 2016.[1]  (ECF Nos. 1, 1-1 at 251).

---

[1] This court assumes, *arguendo*, that Ashleigh Woodbridge had the authority to accept service on behalf of defendant.  *See* (ECF No. 1-1 at 251).

**James C. Mahan**
**U.S. District Judge**

In the motion to remand, plaintiff argues that this court lacks jurisdiction because the amount in controversy requirement of 28 U.S.C. § 1332(a) is not satisfied. (ECF No. 13). Defendants argue that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff is barred from bringing his present claims due to the prior litigation of the same or similar claims. (ECF No. 5).

## II.     Plaintiff's motion to remand

### a. *Legal standard*

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); see also *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev. 2005). Removal statutes are construed restrictively and in favor of remanding a case to state court. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson*, 358 F. Supp. 2d at 988 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 1983). The citizenship requirement for subject matter jurisdiction based on diversity of parties is determined "as of the time the lawsuit is filed." See *Lew*, 797 F.2d at 750; *Carter v. McConnel*, 576 F. Supp. 556, 557 (D. Nev. 1983).

    b. Discussion

This court has jurisdiction over the present case. Countrywide has shown that the amount in controversy exceeds $75,000 because the mortgage loan underlying the case appears to be $106,000, and the complaint directly requests relief exceeding $100,000.[2] (ECF No. 1-1 at 3, 20). Regarding a request for declaratory relief, the "value of the object of the litigation" establishes the amount in controversy, and the plaintiff's assertions of the sum at risk by the litigation can affirm that object's value. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also* (ECF No. 1-1 at 18–19) (requesting declaratory relief). Furthermore, these facts were adequately asserted by defendant's petition for removal. (ECF No. 1). Accordingly, plaintiff's motion to remand will be denied.

### III. Defendants' motion to dismiss

Defendants request that this court dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). (ECF No. 5). In particular, defendants assert that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel because plaintiff allegedly litigated these issues in a previous case. *See Wong v. Countrywide Home Loans, Inc.*, 2016 WL 755472, at *1 (D. Nev. Feb. 23, 2016); (ECF No. 5).

    a. Legal standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[2] While plaintiff states the loan value was "$ 106,00000," defendant asserts that the relevant value is $106,000. (ECF Nos. 1-1 at 3, 5). If the loan value was $10,600,000, then the amount in controversy would almost certainly be met. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)

**James C. Mahan**
**U.S. District Judge**

- 3 -

677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

b. *Discussion*

In a prior case, plaintiff Suet Wong filed suit against Countrywide, among other parties, regarding the same real estate parcel underlying this case: 5402 Night Swim Lane, Las Vegas, Nevada. *See Wong*, 2016 WL 755472, at *1; (ECF No. 1-1). In that case, plaintiff seemed to: (1) allege "a procedural deficiency in the securitization process"; (2) contest "a 'splitting' of the note and deed of trust" while "attack[ing] securitization"; and (3) "attack the 'robosigning' that

occurred in the corporate assignment of the deed of trust." In that case, all claims against Countrywide were dismissed with prejudice. *Wong*, 2016 WL 755472, at *2–5; (ECF No. 5).

The Supreme Court has stated that:

> "[Res judicata] generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. [Collateral estoppel] generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

*New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001).

A res judicata defense requires: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)).

"[A] rule precluding parties from the contestation of matters already fully and fairly litigated 'conserves judicial resources' and 'fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.*, 322 F.3d at 1077 (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). Moreover, a creative plaintiff may not circumvent preclusion by pursuing a claim under a different name. *Id.*

> Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.

*Id.* (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir.1998)).

Here, it is plain from the face of the complaint that plaintiff is attempting to re-challenge the securitization of the underlying mortgage. First, plaintiff's claim for "fraud in the concealment" alleges that plaintiff would not have made a "security agreement" with Countrywide if that defendant had revealed that the mortgage would be securitized and that Countrywide "concealed the fact that they [sic] were not a depository bank." (ECF No. 1-1 at 8–10).

Second, plaintiff now seems to allege "unconscionable contract" against Countrywide for its transaction with a third party regarding the underlying loan. (ECF No. 1-1 at 11–12).

Third, plaintiff asserts a breach of contract claim against Countrywide for transferring a beneficial security interest when it sold the securitized loan. (ECF No. 1-1 at 12–13).

Fourth, plaintiff alleges that Countrywide breached its fiduciary duty by not discharging plaintiff's debt when that defendant received compensation for transferring its interest. (ECF No. 1-1 at 14).

Fifth, plaintiff alleges "slander of title" against defendants due to the recording of assignments of deed of trust with the Clark County recorder's office. (ECF No. 1-1 at 14–16).

Sixth, plaintiff alleges intentional infliction of emotional distress against defendants because they purportedly instituted foreclosure "in which they have no right." (ECF No. 1-1 at 17).

Finally, plaintiff requests declaratory relief "determin[ing] . . . the rights, obligations and interest of the parties with regard to the subject property." (ECF No. 1-1 at 18–19). In sum, every cause of action in plaintiff's current complaint involves post-loan transactions or the securitization of the same relevant loan interest involved in *Wong*. *See* 2016 WL 755472, at *2–5.

For there to be an identity of claims between two cases, "the two suits [must] arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). A court must also evaluate "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; [and] (3) whether the two suits involve infringement of the same right." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

Next, when a court orders a claim to be dismissed with prejudice, it generally has rendered a "final judgment on the merits." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Further, parties are certainly in privity when they are identical between two cases because they have then had the "complete opportunity to litigate their claims." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081.

There is clearly an identity of claims between the present case and those in *Wong* because the relevant claims in both cases involve Countrywide's post-lending transactions and securitization of the loan made to plaintiff with regard to the 5402 Night Swim Lane property and because plaintiff challenges a foreclosure on that property. *See* 2016 WL 755472, at *1; (ECF No. 1-1). Therefore, the present relitigation of the loan securitization is based on the same operative

James C. Mahan
U.S. District Judge

- 6 -

facts as before, would damage earlier-adjudicated transactional rights, and has little functional difference from the previous case. *See Wong*, 2016 WL 755472, at *1; (ECF No. 1-1).

Furthermore, all claims against Countrywide in the previous case were dismissed with prejudice, and plaintiff's claims specifically involving the impropriety of post-lending transactions were found to be meritless. *See Wong*, 2016 WL 755472 at *3.

The plaintiff in this case is the same as the previous case, and Countryside was also a defendant in the prior action. *See id.*, at *1; *see also* (ECF No. 1-1). Thus, those parties are in privity. *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. Privity also exists between plaintiff and MCM because MCM's role in the attacked transaction was similar to—and as involved as—that of Countrywide. *Id.* Indeed, Countrywide sufficiently litigated MCM's present interests in the prior case such that a commonality of interest exists between Countrywide in the prior action and MCM in the current action. *See Wong*, 2016 WL 755472 at *3; (ECF No. 1-1); *see also Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081 (citing *Shaw v. Hahn*, 56 F.3d 1128, 1131–32 (9th Cir.1995)).

Accordingly, res judicata applies. Because there is no indication that plaintiff could not have alleged the present claims in the prior action or did allege functionally the same claims, they are precluded. *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1077–78.

**IV.    Conclusion**

Consistent with the foregoing, this court finds that it has jurisdiction over the present case. Moreover, the plaintiff is precluded from relitigating claims that were brought—or could have been brought—in a prior action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (ECF No. 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED, and plaintiff's claims are dismissed with prejudice.

The clerk shall close the case and enter judgment accordingly.

DATED January 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**